IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDRES BARBOSA-GIL, No. 29731-177, § | |
|     Defendant-Movant, § | |
| § | |
| v. § | No.  3:03-CR-0044-L |
| §(No.  3:05-CV-0509-L) | |
| UNITED STATES OF AMERICA, § | |
|     Plaintiff-Respondent. § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject causes have previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case: Anders Barbosa-Gil ("Movant" or "Barbosa-Gil") filed a motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255.

    Statement of the Case: On April 14, 2003, Movant plead guilty to one count of illegal reentry after deportation without a plea agreement.  On June 30, 2003, he was sentenced to 57 months in the penitentiary, three years of supervised release, and a special assessment of $100.00.   Barbosa-Gil appealed his conviction and on April 21, 2004, the Fifth Circuit affirmed his conviction.  *United States v. Barbosa-Gil*, 95 Fed. Appx. 612 (5th Cir. Apr. 21, 2004).

    Movant filed this motion under 28 U.S.C. § 2255 on March 8, 2005.  Pursuant to this court's order, Respondent filed an answer on May 19, 2005.  Barbosa-Gil did not file a response.

    Findings and Conclusions: In his first ground for relief, Movant asserts that his sentence was improperly enhanced by a prior conviction not alleged in his indictment.  The Fifth Circuit

1

expressly rejected this assertion in the context of Barbosa-Gil's direct appeal. Since this ground was raised and rejected his direct appeal, Movant may not relitigate the issue in § 2255 proceedings. *See, e.g., United States v. Kalish,* 780 F.2d 506 (5th Cir.), *cert. denied* 476 U.S. 1118, 106 S.Ct. 1977 (1986); *United States v. Rocha,* 109 F.3d 225, 229 (5th Cir. 1997).

Movant predicates his second ground for relief on *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), which held that the United States Sentencing Guidelines were advisory rather than mandatory. However, the Supreme Court made clear that the holding in *Booker* applied only to cases on direct review. *Id.* at 769. Therefore, Barbosa-Gil cannot seek relief based on the *Booker* decision in a § 2255 proceeding. *See United States v. Garcia*, 3:03-CR-0268-L(01), 2005 WL 1489926 (N.D. Tex. Jun. 22, 2005).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny the § 2255 motion filed by Andres Barbosa-Gil.

A copy of this recommendation will be served on Movant and on counsel for the government.

Signed this 9th day of August, 2005.

*Wm. F. Sanderson, Jr.*
Wm. F. Sanderson, Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.