

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDRES BARBOSA-GIL, No. 29731-177, § <br> § <br> Defendant/Movant, § <br> § <br> v.  § <br> § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Respondent. § | Civil Action No. 3:05-CV-0509-L <br> (3:03-CR-0044-L) |

## ORDER

This is a motion to vacate, set aside, or correct sentence brought under 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On August 9, 2005, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed. Movant Andres Barbosa-Gil ("Barbosa-Gil" or "Movant") filed Objections to the Findings, Conclusions and Recommendation of the U.S. Magistrate Judge ("Objections") on August 19, 2005.

Barbosa-Gil pled guilty to illegal reentry after deportation and was sentenced on June 30, 2003, to 57 months imprisonment, a three-year term of supervised release, and a special assessment of $100. He appealed on April 21, 2004, and the Fifth Circuit affirmed his conviction.[1] On March 11, 2005, Barbosa-Gil filed this § 2255 motion. As grounds for relief, he asserts (1) that the indictment was insufficient to charge him with a violation under 8 U.S.C. § 1326(a) and (b)(2); (2)

---

[1] *United States v. Barbosa-Gil*, 95 Fed. Appx. 612 (5th Cir. Apr. 21, 2004).

Order – Page 1

pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his sentence violated due process because it "exceeded the maximum imprisonment and supervised release terms for the offense charged in the indictment, rendering Petitioner's sentence unconstitutional;" and (3) pursuant to *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), the district court erred by imposing a sentence under the mandatory sentencing guidelines; Movant's motion at 6.

The magistrate judge found that Barbosa-Gil's allegation that the indictment was insufficient was raised and rejected by the Fifth Circuit in his appeal. The magistrate judge concluded that Barbosa-Gil could not relitigate this issue in a § 2255 proceedings.[2] Report at 2. As to Barbosa-Gil's allegations pursuant to *United States v. Booker*, the magistrate judge found that *Booker* applies only to cases on direct review; and that Barbosa-Gil cannot seek relief based on the *Booker* decision in a § 2255 proceeding. *Id.* The magistrate judge recommends that the court deny the § 2255 motion. *Id.*

In his Objections, Barbosa-Gil contends that *Booker* should be applied retroactively to this case, and that the 16-point enhancement was unconstitutional. He maintains that this court can hear his "claim without a specific declaration by the Supreme Court of [*Booker's*] application to Section 2255." *Id.* The court rejects Barbosa-Gil's objection, given that neither the United States Supreme Court nor the Fifth Circuit has determined whether the Supreme Court's holding in *Booker* should be applied retroactively to cases on collateral review. Therefore, the court agrees with the magistrate judge and overrules Barbosa-Gil's objection as premature. The court will dismiss the motion without prejudice. Should the Supreme Court or the Fifth Circuit announce that *Booker* applies

---

[2]The court notes that the Fifth Circuit also rejected Barbosa-Gil's *Apprendi* argument in his appeal. *See United States v. Barbosa-Gil*, 95 Fed. Appx. 612, 613 (5th Cir. Apr. 21, 2004).

**Order – Page 2**

retroactively to cases on collateral review, Barbosa-Gill will be permitted to file a renewed § 2255 motion. Thus, after making an independent review of the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Barbosa-Gil's objections thereto, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court. Barbosa-Gil's Objections are overruled. Accordingly, Barbosa-Gil's Motion Pursuant to Title 28 U.S.C. § 2255 to Vacate, Set-Aside, or Correct Sentence is hereby **denied**, and this action is **dismissed without prejudice**.

**It is so ordered** this 19th day of September, 2005.

Sam A. Lindsay
United States District Judge